James D. COOTS, Plaintiff—Appellant,

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant— Appellee.**

No. 03–35496.

D.C. No. CV–02–03031–DCA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.*

Decided Jan. 31, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

Tim D. Wilborn, West Linn, OR, for Plaintiff–Appellant.

Craig J. Casey, Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before TROTT and KLEINFELD, Circuit Judges, and POLLAK,** District Judge.

## MEMORANDUM***

We affirm the district court's denial of Coots's application for disability benefits.

There is substantial evidence[1] to support the Administrative Law Judge's determination that Coots retained the residual functional capacity[2] to perform substantial gainful activity as a parking lot cashier and a surveillance systems monitor. Because there was substantial evidence to support the Administrative Law Judge's determination that Coots could "make an adjustment to other work,"[3] the Administrative Law Judge did not err in denying Coots disability benefits.

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Celaya v. Halter,* 332 F.3d 1177, 1180 (9th Cir.2003).

2. 20 C.F.R. § 416.920(a)(4)(v).

3. *Id.*

■ The Administrative Law Judge also did not err in discounting Coots's subjective testimony. Generally an administrative law judge is required to consider a claimant's testimony regarding subjective symptoms.[4] In the absence of affirmative malingering, the Administrative Law Judge must give "clear and convincing reasons" for rejecting the claimant's testimony.[5] He did, including several specific instances where Coots' conduct supported an inference of malingering. There was substantial evidence for the ALJ's conclusion.

■ The Administrative Law Judge gave "specific and legitimate reasons supported by substantial evidence in the record"[6] for rejecting Dr. Thomashefsky's assessment. Nor does Dr. Haddad's one-paragraph conclusory letter presented to the Appeals Council after the ALJ decision require a finding of disability. Dr. Haddad's letter provided no new clinical or diagnostic information and contradicted other medical records including his own assessments of Coots.

Finally, the Administrative Law Judge did not improperly ignore the physical capacity evaluation. He specifically rejected it because the physical capacity evaluators repeatedly asserted that the evaluation's results were questionable.

**AFFIRMED**

---

**4.** 20 C.F.R. § 416.929; *Smolen v. Chater,* 80 F.3d 1273 (9th Cir.1996).

**5.** *Smolen,* 80 F.3d at 1281.

**6.** *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995)